# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN KOVACH, Executrix of the Estate of Richard S. Kovach, <br><br> Plaintiff, <br><br> v. <br><br> COVENTRY HEALTH CARE, INC., and HEALTHAMERICA PENNSYLVANIA, INC., <br> Defendants. | 02: 10-cv-00536 |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is the MOTION TO DISMISS, with brief in support filed by Defendants Coventry Health Care, Inc., and HealthAmerica Pennsylvania, Inc. (*Document Nos. 23 and 24*), the BRIEF IN OPPOSITION filed by Plaintiff, Maryann Kovach, Executrix of the Estate of Richard S. Kovach (*Document No. 26*), the REPLY BRIEF filed by Defendants (*Document No. 35*), the SUR-REPLY filed by Plaintiff (*Document No. 39*), and the RESPONSE TO THE SUR-REPLY filed by Defendants (*Document No. 40*).

On November 16, 2010, the Court heard oral argument on the Motion to Dismiss. All parties were represented by counsel who argued the issues skillfully and effectively. After due and deliberate consideration of the filings, both in support and in opposition, the arguments of counsel, as well as the relevant case law, the Court will grant the Motion in part and the due process claim will be dismissed. Because the Court does not continue to have jurisdiction over the remainder of Plaintiff's state law claims, same will be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania forthwith.

## Background

Plaintiff, Maryann Kovach, is the surviving spouse and executrix of the Estate of Richard S. Kovach.

Defendant Coventry Health Care, Inc. ("Coventry") sells health insurance products which include Medicare Advantage plans in all fifty (50) states. Defendant HealthAmerica Pennsylvania, Inc. ("HealthAmerica") is a wholly owned subsidiary of Coventry.

In approximately 2004, Maryann and Richard Kovach enrolled in a HealthAmerica Advantra Gold Medicare Advantage Plan, Policy No. 85050394901 (the "Policy") offered by Defendants, with the understanding that they were purchasing the best possible coverage from Defendants. The Kovachs paid premiums in excess of the traditional Medicare Part B premium and expected that skilled rehabilitation and respiratory therapy, covered under Medicare, would be provided under the Policy. Amended Complaint, at ¶¶ 9-10.

On April 8, 2009, Richard Kovach underwent a heart catheterization at UPMC Mercy Hospital. Two days later, he had carotid artery surgery and had heart bypass surgery on April 13, 2009. On April 21, 2009, while still recovering at UPMC Mercy, Mr. Kovach went into cardiac arrest. He was diagnosed with Heparin Induced Thrombocytopenia ("HIT") and admitted to the Cardiovascular ICU at UPMC Mercy, where he was placed on a ventilator via tracheotomy and had a feeding tube implanted. As a result of his development of HIT, Mr. Kovach experienced respiratory and kidney failure.

Approximately a month later as Mr. Kovach's condition began to improve, his physicians determined that he should be transferred to a long-term acute care facility ("LTAC"), which would enable him to receive aggressive rehabilitative therapy necessary to allow him to

successfully breathe on his own again. This type of care was not available to him in the ICU at UPMC Mercy.

Plaintiff alleges that despite the recommendations of Mr. Kovach's physicians to transfer him to a LTAC, Defendants refused to approve coverage for his transfer, failed to request or review medical information relevant to the request, and refused to speak with his physicians. Mr. Kovach died at UPMC Mercy on August 7, 2009. The cause of death was respiratory failure caused by a sepsis infection which he developed while in the ICU.[1]

## Procedural History

On March 4, 2010, Plaintiff commenced this action by the filing of a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania. On April 5, 2010, Plaintiff filed a five-count Complaint in which she asserted one claim for violation of due process under the Constitution of the United States and four claims under Pennsylvania state law (survival claim – violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 *et seq*., survival claim – breach of contract; survival claim – statutory bad faith in violation of the Unfair Insurance Practices Act, 40 P.S. §§ 1171.5; and wrongful death under 41 Pa.C.S. § 8301.) The Complaint does not seek recovery of Medicare benefits.

On April 27, 2010, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a) - (c) on the basis that the Court has original federal question jurisdiction "because

---

[1] At oral argument, Defendants claimed that Mr. Kovach's condition had not been stabilized which prevented transferring him to a LTAC. Whether Mr. Kovach was stabilized is, of course, a question of fact.

Plaintiff seeks redress for a federal constitutional due process violation and for claims that arise under and are inextricably intertwined with the Medicare Act."[2]

On August 16, 2010, Plaintiff filed an Amended Complaint in which she added two additional state law claims: survival claim – negligence and survival claim and fraud in the inducement. The Amended Complaint also does not seek recovery of Medicare benefits.

On September 21, 2010, Defendants filed the instant Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for failure to state a claim. Defendants argue that the claims in the Amended Complaint are deficient on the following grounds: (i) all the claims are barred because they "arise under" the Medicare Act; (ii) all the claims are preempted by the Medicare Act; (iii) all the claims are time-barred; (iv) all the claims are barred by the doctrine of Sovereign Immunity; (v) Plaintiff's due process claim should be dismissed because Plaintiff has not pleaded a constitutionally-protected property interest, or in the alternative, that Defendant is not acting as a state actor; (vi) the wrongful death and negligence claims should be dismissed under the Gist of the Action doctrine; (vii) the fraud in the inducement claim fails to meet the pleading requirements of Federal Rule of Civil Procedure 9(b); and (viii) the decedent's passing is too remote from the alleged conduct to give rise to a cause of action for negligence or fraud.

Plaintiff strongly contests the Motion to Dismiss and argues that the Court has jurisdiction over all the claims in the Amended Complaint. In the alternative, Plaintiff contends that if Count I (the due process claim) is dismissed, the remaining state law claims should be remanded to state court.

---

[2] In its Brief in Support of its Motion to Dismiss, Defendant for the first time argues that "[r]emoval also would have been proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), as HealthAmerica was acting under a federal office in connection with Plaintiff's claims. . . ." Br. at 2, n.1.

4

**Discussion**

I.      <u>Due Process Claim (Count One)</u>

To state a claim for relief in an action brought under 42 U.S.C. § 1983, a party must establish that he or she was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of state law. "Like the state-action requirement of the Fourteenth Amendment, the under color-of-state-law element of §1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (*quoting Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Nevertheless, "the deed of an ostensibly private organization or individual" may at times demand to be treated "as if a State has caused it to be performed." *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 388 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'." *Id.* (*quoting Jackson v Metropolitan Edison Co*., 419 U.S. 345, 351 (1974)).

Plaintiff argues that Defendants "were organized and licensed under [Pennsylvania] law to provide Mr. Kovach's Medicare benefits." Thus, according to Plaintiff, the state has an indispensable role in the establishment of Medicare Advantage plans within its borders and, thus, Defendants are "entwined with the state, having been delegated the public function of providing Medicare benefits to residents of Pennsylvania by virtue of state license." P's Br. at 6.

In cases involving extensive state regulation of private activity, the United States Supreme Court has consistently held that "[t]he mere fact that a business is subject to state regulation . . . does not convert its action into that of the State for purposes of the Fourteenth Amendment." *Sullivan*, 526 U.S. at 52 (*quoting Jackson v. Metropolitan Edison Co.,* 419 U.S.

345, 350 (1974)). Thus, Defendants in this case cannot be held to constitutional standards unless "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Id*. "Whether a close nexus exists . . . depends on whether the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Sullivan*, 526 U.S. at 52. Action private entities take with the mere approval or acquiescence of the state is not state action under this test. *See id.* The purpose of this test is "to assure that constitutional standards are invoked only when it can be said that the State is <u>responsible</u> for the specific conduct of which the plaintiff complains." *Blum*, 457 U.S. at 1004.

Undeniably, the Medicare program was created by federal statute and is administered by CMS, a division of the federal Department of Health and Human Services. CMS administers the Medicare program with federal funds by contracting with private insurance companies to deliver benefits pursuant to Medicare Advantage plans. 42 U.S.C. § 1395w-27.

The Amended Complaint in this matter is devoid of any allegation that the State is responsible for the specific conduct of which Plaintiff complains. As the United States Supreme Court has stated the fact that Defendants are licensed by the state and subject to state regulation simply does not convert their actions into that of the state for purposes of the Fourteenth Amendment. Therefore, the motion to dismiss Count I will be granted as the Court finds that Defendants are not state actors.[3]

---

[3] The Court's ruling on the state action question obviates any need to decide whether Mr. Kovach had a constitutionally-protected property right to treatment at an LTAC.

Without a constitutional claim before it, the Court must determine whether it continues to have jurisdiction over the remaining state law claims brought by Plaintiff. Summary remand of a removed action is appropriate if federal subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

II.  Preemption

Federal courts have a strict duty to exercise the jurisdiction conferred upon them by Congress. *Quackenbush v. Allstate Ins. Co*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of Am*., 511 U.S. 375, 377 (1994). The removal statute, 28 U.S.C. § 1441, must be strictly construed to honor the intent of Congress to restrict federal diversity jurisdiction. *Samuel-Bassett v. KIA Motors Am., Inc*., 357 F.3d 392, 396 (3d Cir. 2004).

Defendants argue that the Medicare Act preempts Plaintiff's state law claims and, thus, this Court has federal question jurisdiction under Title XVII of the Social Security Act (the "Medicare Act").[4] To determine if Plaintiff's case falls within the "narrow exception" of complete preemption, the Court must determine if Congress has so fully legislated an area of law such that a plaintiff's state law claims filed in state court are necessarily federal in character. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Defendants argue that Plaintiff's claims are so inextricably intertwined with a claim for entitlement to Medicare benefits that her

---

[4] Section 405(h) of the Social Security Act provides that no "decision of the [Secretary of the Department of Health and Human Services] shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Although § 405(h) discusses old-age and disability claims, Congress has incorporated it into the Medicare Act, so that this provision also applies to claims arising under the Medicare Act. *See* 42 U.S.C. § 1395ii. Section 405(g) establishes the procedure for judicial review of claims seeking benefits and allows a party to obtain review in district court only after the Secretary of the Department of Health and Human Services has made a final decision. *Id*. § 405(g). The United States Supreme Court has held that § 405(g) "is the sole avenue for judicial review for all 'claims arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 615 (1984).

7

claims arise under the Medicare Act. *See Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984) (if a claim is "inextricably intertwined" with a claim for Medicare benefits, it thereby arises under the Medicare Act.) In *Ringer*, the United States Supreme Court found that the plaintiff's claims for declaratory and injunctive relief that a certain procedure should be covered by Medicare was "inextricable intertwined" with a claim for Medicare benefits. *Id.*

In the case *sub judice*, Plaintiff is not seeking declaratory or injunctive relief regarding Medicare benefits. Plaintiff is also not seeking reimbursement of wrongfully denied benefits. Rather, Plaintiff seeks damages which she alleges resulted from Defendants (i) refusal to approve coverage for her husband's transfer to a LTAC facility, (ii) failure to request or review medical information relevant to the request; and (iii) refusal to speak with his physicians. Specifically, "she seeks damages for the pain, suffering and other damages suffered by her husband due to Defendants' wrongful and tortious misconduct." Br. at 11. Thus, the Court is not persuaded by Defendants' arguments that Plaintiff's claims are "inextricably intertwined" with a claim for Medicare benefits.

The damages sought by Plaintiff are similar to those sought by the plaintiffs in *Ardary v. Aetna Health Plans of California, Inc.*, 98 F.3d 496 (9th Cir. 1996). In *Ardary*, the heirs of a deceased Medicare beneficiary claimed the Medicare provider's failure to authorize an airlift to a larger hospital resulted in the beneficiary's death. The plaintiffs brought negligence and intentional tort claims. Defendant removed the case on the basis of complete preemption and moved to dismiss.

The district court granted the motion to dismiss, but on appeal, the United States Court of Appeals for the Ninth Circuit found that while the claim was predicated on the failure to provide a specific type of benefit – an airlift – the plaintiffs were "at bottom not seeking to recover

benefits." *Id*. at 500. The appellate court found nothing in the legislative history to suggest that [§ 405(h)] was designed to abolish all state remedies which might exist against a private Medicare provider for torts committed during its administration of Medicare benefits . . . ." *Id*. at 501. The court, thus, reversed and remanded the case to the district court with instructions to remand the case to the state forum. *See also Kelly v. Advantage Health Inc*., 1999 WL 294796, *4 (E.D. La. 1999) (holding that nothing in *Ringer* "compels a reading of the phrase 'arising under' as encompassing all state law claims that relate to a denial of benefits," particularly where the claims at bar do not seek reimbursement of benefits.")

Accordingly, the Court finds that even if § 405(h) were to completely preempt claims under state law, Plaintiff's claims are not completely preempted because they do not arise under the Medicare Act. Accordingly, removal in reliance upon § 405(h) was not proper and remand of this case is appropriate.

III.  Removal Pursuant to 28 U.S.C. § 1442(a)(1) – Federal Officer Removal Statute[5]

Alternatively, Defendants assert that removal is also proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). In particular, Defendants claim that HealthAmerica acted under a federal office with regard to Plaintiff's claims and that it is entitled to have the defense of official immunity tried in a federal court.

---

[5] This statute is intended to prevent federal officers or persons acting under their direction from being tried in state courts for acts committed within the scope of their federal employment. In *Willingham v. Morgan*, 395 U.S. 402, 405, the United States Supreme Court recognized that 28 U.S.C. § 1442(a)(1) is "an incident of federal supremacy," and that one of its purposes is to provide a federal forum when federal officers, or those acting at their discretion, must assert defenses arising from their official duties. The tests for removal under § 1442(a)(1) is broader than the test for official immunity, and the statute's scope is not "narrow" or "limited." *Colorado v. Syms*, 286 U.S. 510, 517 (1932).

A removing defendant must adhere to the appropriate procedural prerequisites before jurisdiction in this Court can be established and "[r]emoval statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). Among these requirements is the rule that a defendant must file a Notice of Removal within 30 days of receipt by the defendant of a pleading "from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. § 1446(b).

After the expiration of that time period, a defendant may amend the notice "to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3733, at 649 (4th ed. 2009). Moreover, "an amendment of the removal notice may seek to accomplish any of several objectives: it may correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount." *Id*. at 651. A defendant may not, however, "add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-preferred basis of removal." *Id*. at 655.

In this case, Defendants filed their Notice of Removal on April 27, 2010, and did not raise the federal officer removal statute as a basis for federal question jurisdiction in its Notice of Removal. Rather, Defendants raised this argument for the first time in their Brief in Support of Motion to Dismiss Amended Complaint, filed on September 21, 2010. *Compare* Document No. 1 (Notice of Removal) with Document No. 24 at 2, n. 1 (Brief in Support of Motion to Dismiss Amended Complaint). Because this argument raises a new and separately independent ground for removal and is made beyond thirty days after the notice of removal was filed, the Court finds that same has been waived. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 206 n.

11 (3d Cir. 2003) (citations omitted). *See also Rehman v. Basic Moving,* No. Civ. A. 09-248, 2009 WL 1392149 (W.D. Pa. May 15, 2009) (precluding defendants from adding a new and independent basis for federal question jurisdiction raised for first time in response to remand motion);

*Akins v. Radiator Specialty Co.*, No. Civ. A 3:05-451, 2006 WL 2850444, *2 (W.D. Pa. Sept. 29, 2006) (same).

Accordingly, because this new and independent ground for removal was raised beyond thirty days after the Notice of Removal was filed, the Court finds that this alternative argument is untimely and Defendant has waived this basis for federal question jurisdiction.

**Conclusion**

For the foregoing reasons, the Motion to Dismiss will be granted in part and Plaintiff's due process claim will be dismissed. Because the Court does not continue to have jurisdiction over the remainder of Plaintiff's state law claims, same will be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania forthwith.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN KOVACH, Executrix of the Estate of Richard S. Kovach, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COVENTRY HEALTH CARE, INC., and HEALTHAMERICA PENNSYLVANIA, INC., )<br>)<br>Defendants. ) | 02: 10-cv-00536 |

## ORDER OF COURT

AND NOW, this 25th day of January, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion to Dismiss is **GRANTED IN PART** and Count One of Plaintiff's Complaint is dismissed; and

2. As a result of the dismissal of Count One, the Court does not continue to have jurisdiction over Plaintiff's state law claims and, thus, same will be **REMANDED** to the Court of Common Pleas of Allegheny County, Pennsylvania **forthwith**.

The Clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Tybe A. Brett, Esquire
        Stember Feinstein Doyle & Payne, LLC
        Email: tbrett@stemberfeinstein.com

        Craig E. Frischman, Esquire
        Raizman Frischman & Matzus, P.C.
        Email: craig@rfmlaw.com

        Steven B. Silverman, Esquire
        Tucker Arensberg, P.C.
        Email: ssilverman@tuckerlaw.com

        Nora E. Gieg, Esquire
        Tucker Arensberg, P.C.
        Email: ngieg@tuckerlaw.com